

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

86 Chambers Street
New York, New York 10007

May 25, 2017

**Via ECF**

Honorable Analisa Torres
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York  10007

      Re:    *Lonnette Greene v. U.S. Dep't of Housing & Urban Devel., et al.*, 14 Civ. 3676
             (AT)

Dear Judge Torres:

    This Office represents defendant United States Department of Housing and Urban Development ("HUD").  We write in response to the Court's May 19, 2017 Order, which directs the parties to (1) "confer as to whether Defendants consent to adding the Secretary of [HUD] as a defendant in this case," and (2) file a letter addressing how to proceed regarding Plaintiff's due process claims against HUD.  *See* Dkt. No. 108.

    **HUD's Position**

    As the May 19 order observes, Plaintiff's claims against HUD are barred by sovereign immunity, unless waived by a federal statute.  *See Presidential Gardens Assocs. v. United States*, 175 F.3d 132, 139 (2d Cir. 1999) (Sovereign immunity "may only be waived by federal statute.").  Here, however, Section 1404a provides a limited waiver of sovereign immunity "with respect to [HUD's] functions under the United States Housing Act of 1937, as amended."  42 U.S.C. § 1404a (providing that the Secretary of HUD may sue and be sued); *see also Lattimore v. Nw. Co-op Homes Ass'n*, 1992 WL 118383, at *6 (D.D.C. May 19, 1992) ("Plaintiff's claim arises out of HUD's responsibilities under the Section 8 housing program, which is codified at 42 U.S.C. § 1437 *et seq.*, one of the statutory sections explicitly covered by § 1404a.").

    Accordingly, in the interest of judicial efficiency, HUD consents to the substitution of the Secretary of HUD, in lieu of HUD, as a party in this action.  HUD does not consent to adding the Secretary of HUD as an additional party, especially because Plaintiff's Administrative Procedure Act ("APA") claims can proceed against either HUD or the Secretary.  *See* 5 U.S.C. § 703 (An APA action for judicial review "may be brought against the United States, the agency by its official title, or the appropriate officer.").  Thus, substitution of the Secretary of HUD for HUD would not impact the remaining claims against the Government.

    Regardless of whether Plaintiff's due process claims proceed against HUD or the Secretary of HUD, her claims nevertheless fail because she cannot point to any statute, regulation, or rule supporting any legitimate claim of entitlement.  *See Bd. of Regents v. Roth*, 408 U.S. 564, 571 (1972) (a plaintiff must have more than "a unilateral expectation" of a property interest); 42 U.S.C. § 1437f(k); 24 C.F.R. § 5.659(b)(2), (4); 24 C.F.R. § 880.607(b)(3); HUD Form 50059.  And even assuming Plaintiff had a legitimate claim of entitlement to a Section 8 subsidy, she has not alleged that Government action deprived her of any protected

right.  *See Goldberg v. Kelly*, 397 U.S. 254, 263 (1970) (procedural due process claims must identify both the "precise nature of the government function involved as well as of the private interest that has been affected by governmental action"); *J.S. v. T'Kach*, 714 F.3d 999, 105 (2d Cir. 2013).  In addressing Plaintiff's due process claims against the Government, HUD respectfully refers the Court to the arguments raised in connection with its motions for judgment on the pleadings and summary judgment.  *See generally* Dkt. Nos. 58, 82, 92, 95, 106.

### Plaintiff's Position

Without re-litigating the due process issues here because they were properly discussed in the briefs submitted to the Court, Plaintiff consents to the substitution of parties.

### Deshler's Position

Based upon the other parties' positions, articulated above, defendant Deshler Apartment Associates, L.P. consents to the substitution of parties referenced herein.

We thank the Court for its attention to this matter.

Respectfully submitted,

JOON H. KIM
Acting United States Attorney for the
Southern District of New York

By: ___*/s/ Natasha W. Teleanu*_____
NATASHA W. TELEANU
Assistant United States Attorney
Telephone 212-637-2528
Facsimile  212-637-2786
E-mail:     natasha.teleanu@usdoj.gov

cc: All Counsel via ECF